UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANK ROSITANI,

Plaintiff,

20-CV-8273

v.

OPINION & ORDER

MICHAEL A. COCHRAN,

Defendant.

---

SIDNEY H. STEIN, U.S. District Judge.

Plaintiff Frank Rositani filed this personal injury action against defendant Michael
Cochran in the Supreme Court of the State of New York on March 3, 2020. (Compl., ECF
No. 5.) Cochran removed the action to federal court on October 6. (Def.'s Am. Notice of
Removal, ECF No. 4.) Rositani's counsel then filed an affidavit in opposition to the removal.
(Pl.'s Aff. in Opp'n to Def.'s Am. Notice of Removal, ECF No. 7.) The Court construes this
affidavit as a motion to remand, consistent with 28 U.S.C. § 1447(c). Because defendant filed
the notice of removal outside the thirty-day time limit specified in 28 U.S.C. § 1446(b)(3), the
Court grants the motion and remands the action to the Supreme Court of the State of New
York, Bronx County.

## I.  BACKGROUND

Rositani alleges that on January 21, 2020, he was walking west on Avenue of the
Americas in New York City when Cochran negligently struck him with his car. (Compl. ¶ 6,
ECF No. 5.) Asserting a cause of action under New York law, Rositani filed this action
against Cochran in the Supreme Court of the State of New York, Bronx County. (Compl.,
ECF No. 5.) In his complaint, Rositani failed to state the amount in controversy; in July,
Cochran issued a Supplemental Demand for Relief requesting this information. (Def.'s
Suppl. Demand for Relief dated July 20, 2020, ECF No. 5-2.) When plaintiff failed to
respond to this demand for several weeks, defense counsel sent an email requesting a
response. (Pl.'s Aff. in Opp'n to Def.'s Am. Notice of Removal Ex. A, ECF No. 7-1.) On
August 17, plaintiff's counsel sent a responsive email that stated "[t]he Supplemental
Demand is $250,000, by counsel." (Id.) Another three weeks later, on September 8, plaintiff
formally responded to defendant's supplemental demand for relief by filing a demand for
$175,000 in damages. (Pl.'s Resp. to Def.'s Suppl. Demand for Relief, ECF No. 5-3.) Cochran
then removed this case to federal court on October 6, 2020 pursuant to 28 U.S.C. § 1441 and
§ 1446. (Def.'s Am. Notice of Removal, ECF No. 4.) Rositani filed his opposition to removal
on October 20, raising one argument—that defendant's notice of removal was untimely
under 18 U.S.C. § 1446. (Pl.'s Aff. in Opp'n to Def.'s Am. Notice of Removal, ECF No. 7.)

## II. Discussion

Although a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), he or she must comply with certain statutory time limits. If the basis for federal jurisdiction is apparent on the face of the initial pleading, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). On the other hand, if "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

A district court may remand a case "on the basis of any defect in the removal procedure," including failure to comply with these statutory time limits. *Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F. Supp. 2d 320, 327 (S.D.N.Y. 2005). Although "[d]efects in removal procedure, including lack of timeliness, are not jurisdictional . . . the statutory time limit is mandatory" and "absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006) (internal quotation marks omitted) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)). When in doubt, "[r]emoval statutes are to be 'strictly construed against removal and all doubts should be resolved in favor of remand.'" *Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341, 347 (S.D.N.Y. 1996) (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

Rositani contends that remand of this action is proper because Cochran's October 6 notice of removal was untimely. He alleges that the removal clock in this action began running when plaintiff's counsel emailed defendant's counsel on August 17, 2020, informing him that the amount in controversy was $250,000 and thus providing Cochran with the information needed to ascertain removability. (Pl.'s Aff. in Opp'n to Def.'s Am. Notice of Removal ¶ 3-4, ECF No. 7.) Under this interpretation, defendant's October 6 notice of removal falls outside the thirty-day statutory period. In contrast, defendant alleges that the removal clock began running once the plaintiff formally responded to defendant's Supplemental Demand for Relief on September 8, 2020. (Def.'s Am. Notice of Removal Ex. 3, ECF No. 5.) Under defendant's interpretation, removal was timely filed. The Court thus decides a single issue—whether the August 17 email from plaintiff's counsel to defendant's counsel is an "other paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b)(3).

In *Moltner v. Starbucks Coffee Co.*, a personal injury case related to burns suffered from Starbucks tea, the Second Circuit addressed a similar issue. 624 F.3d at 36-38 (2d Cir. 2010). The plaintiff in *Moltner* filed an action in New York State Supreme Court but failed to

disclose the amount of damages sought in the initial pleading, as in the case here. *Id.* at 36. This failure prompted the defendant to serve a Request for Supplemental Demand for Relief seeking that information. *Id.* The plaintiff then sent a response letter disclosing the amount of damages sought. *Id.* The Second Circuit found that because the initial pleading did not state the amount in controversy, the removal clock did not begin to run when the defendant served the initial pleading. *Id.* at 37-38. The Second Circuit determined instead that the removal clock began to run when the "plaintiff serve[d] the defendant with a paper that explicitly specifie[d] the amount of monetary damages sought"—namely, the plaintiff's response letter. *Id.* at 38. The Second Circuit thus found the plaintiff's response letter disclosing the amount of damages was an "other paper" within the meaning of 28 U.S.C. § 1446(b)(3). *Id.*

In accordance with *Moltner* and the plain language of the removal statute, this Court finds the plaintiff's August 17 email to be an "other paper" within the meaning of 28 U.S.C. § 1446(b)(3). Plaintiff's email—not plaintiff's later reply to the Supplemental Demand for Relief—was the paper that allowed defendant to "*first* . . . ascertain[] that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added). And although the email was not a formally filed response to defendant's Supplemental Demand for Relief, "most courts have held . . . that § 1446(b) is not limited to papers filed in the litigation and that the reference to 'other paper' in the statute can include pre-removal correspondence between the parties." *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 200 (D. Conn. 2004); *see also Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A.*, 77 F. Supp. 3d 376, 378 (S.D.N.Y. 2015) (a cover letter attached to a summons was an "other paper" within the meaning of the removal statute). In fact, at least one other district court (albeit in a different circuit) has explicitly found an email to satisfy the "other paper" requirement of 28 U.S.C. § 1446(b)(3). *See Jolley v. U.S. Bank, N.A. ex rel. RMAC Trust*, 362 F. Supp. 3d 340, 345 (E.D. Va. 2019).

Because the thirty-day removal clock began running from the time defendant received plaintiff's August 17 email specifying damages of $250,000—the piece of information that first enabled defendant to ascertain the litigation's removability—defendant's October notice of removal was untimely.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is GRANTED. The Court directs the Clerk of Court to remand the case to the New York State Supreme Court, Bronx County.

Dated: New York, New York
December 16, 2020

SO ORDERED:

Sidney H. Stein, U.S.D.J.